**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

**FILED**

OCT 2 8 2010

U. S. DISTRICT COURT
E. DIST. OF MO.
ST. LOUIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **NO. 4:01-CR-374-CAS-1** |
| ) | |
| **HAISSAM A. NASHAR,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO UNSEAL PLEA AGREEMENT**
**AND RELATED DOCUMENTS**

Mohamad Youssef Hammoud ("Hammoud"), through his appointed counsel, James P. McLoughlin, Jr., respectfully requests that the Court unseal the plea agreement and related documents, including but not limited to the Stipulation of Facts Relative to Sentencing and the transcript of the plea hearing, in the above-captioned case. For the reasons set forth below, Hammoud believes that Defendant Haissam A. Nashar's ("Nashar's") plea agreement and related documents, which are relevant to Hammoud's upcoming sentencing, should be unsealed and available to the public. If the court decides not to unseal the documents, Hammoud moves in the alternative for the Court to make these documents available for viewing by Hammoud and his counsel and submission to the United States District Court for the Western District of North Carolina.

**BACKGROUND**

Hammoud is the defendant in a criminal case currently pending in the United States District Court for the Western District of North Carolina captioned *United States v. Mohamad*

*Youssef Hammoud*, No. 3:00-CR-147-1-Mu (filed July 31, 2000). Following a jury trial that concluded in June 2002, Hammoud was convicted on 14 counts, including conspiracy to transport, sell, and distribute contraband cigarettes and providing material support to a designated foreign terrorist organization, namely Hezbollah. On February 28, 2003, Hammoud was sentenced to 155 years in prison. After the United States Court of Appeals for the Fourth Circuit affirmed Hammoud's sentence, the United States Supreme Court vacated the sentence and remanded for sentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). The Fourth Circuit then issued an order reaffirming portions of its prior ruling and remanding to the district court for re-sentencing. *See United States v. Hammoud*, 405 F.3d 1034 (4th Cir. 2005). Hammoud's sentencing hearing is set to begin on November 16, 2010 in the Western District of North Carolina.

Nashar's case is related to Hammoud's case, as Nashar was charged with and pleaded guilty to participating in a cigarette smuggling scheme. Specifically, Nashar was charged with transporting and possessing counterfeited cigarette stamps, and he pleaded guilty to the transporting charge on March 1, 2002. Nashar's plea agreement and related documents are critically relevant to Hammoud's sentencing because Nashar was a key government witness at Hammoud's trial.

The foundation of the Government's recommended sentence for Hammoud is the assertion that Hammoud was a member and active supporter of Hezbollah. This assertion was supported by the trial testimony of Nashar. At Hammoud's trial, Nashar testified that everyone who dealt with Hammoud, including Nashar, "knew" that Hammoud was a member of Hezbollah, and that Nashar had been told that Hammoud was collecting money to send to Hezbollah. Importantly, Nashar also testified that he had no agreement with respect to his

2

testimony; that he did not expect to receive any sort of benefit or favorable treatment from the Government in the case before this Court as a result of his testifying against Hammoud; and that he was a volunteer in giving testimony.

After Hammoud's trial, however, Nashar has confessed to his then-girlfriend and others that he had lied in his testimony about Hammoud in order to get more favorable treatment from the Government. Given Nashar's confession, the terms of his plea agreement in this court and the contents of his Stipulation of Facts Relative to Sentencing take on great significance in Hammoud's sentencing. It is very possible that Nashar did in fact receive favorable treatment in this case as a result of his agreeing to testify against Hammoud. This would provide even more evidence that Nashar lied in his testimony against Hammoud. The timing of his guilty plea also supports this likelihood. Nashar pleaded guilty to Count One of his Indictment on March 1, 2002. Count Two of his Indictment was held in abeyance until sentencing. Three months later, in June of 2002, Nashar testified against Hammoud during his trial, providing testimony that was critical to the Government's case. After Nashar's sentencing was continued on numerous occasions, he was sentenced to 12 months probation on November 13, 2003, and Count Two of his indictment was dismissed.

Although Nashar's March 1, 2002 plea agreement and Stipulation of Facts Relative to Sentencing were filed under seal, no motion to seal the documents is evident in the record, and the Court does not appear to have issued an order or otherwise given reasons on the record for sealing the documents.

## ARGUMENT

This Court has recently recognized that "only the most compelling reasons can justify non-disclosure of judicial records." *Hinson v. United States*, 2010 U.S. Dist. LEXIS 97503, at

3

`

*2 (E.D. Mo. Sept. 17, 2010) (Shaw, J.) (quoting *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)). "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *In re Neal*, 461 F.3d at 1053 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). It is well-established that this right of access covers plea agreements and plea hearings. *United States v. Zazi*, 2010 U.S. Dist. LEXIS 67595, at *5 (E.D.N.Y. June 30, 2010) ("The press and the public have a First Amendment 'right of access to plea hearings and to plea agreements.'" (quoting *United States v. Haller*, 837 F.2d 84, 86-87 (2d Cir. 1988))); *see also United States v. Higuera-Guerrero*, 518 F.3d 1022, 1026 (9th Cir. 2008) ("Every circuit to consider the issue has concluded that logic favors public access to plea colloquy transcripts."); *United States v. Alcantera*, 396 F.3d 189, 196 (2d Cir. 2005) ("[T]he public and press have a qualified First Amendment right of access to plea proceedings and plea agreements."). In holding that there is a First Amendment right of access to plea agreements, the D.C. Circuit reasoned that "plea agreements have traditionally been open to the public, and public access to them enhances both the basic fairness of the criminal [proceeding] and the appearance of fairness so essential to public confidence in the system." *Washington Post v. Robinson*, 935 F.2d 282, 288 (D.C. Cir. 1991) (alteration in original). In this case, access to the plea agreement not only enhances the public's interest but is necessary to ensure the fairness of Hammoud's sentencing. Moreover, the plea agreement and related documents are not materials that are to be filed and maintained under seal under Eastern District of Missouri Local Rule 13.05(B).

In order to overcome this public right of access and justify sealing the plea agreement and related documents, "the party seeking to close the records must demonstrate that the restriction to public access is necessary because of a compelling interest supporting the privacy of the

documents." *Mello v. Mo. Dept. of Elementary and Secondary Educ.*, 2010 U.S. Dist. LEXIS 111688, at \*2 (E.D. Mo. Oct. 20, 2010) (citing *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988)). There is no compelling interest that warrants keeping Nashar's plea agreement and related documents sealed in this case. In the plea agreement context, the compelling interests that are commonly cited are the government's interest in preserving the integrity of ongoing investigations and the interest in protecting the safety of potential witnesses. *See Haller*, 837 F.2d at 88; *Zazi*, 2010 U.S. Dist. LEXIS 67595, at \*8-\*9. Neither of these interests, nor any other compelling interest, counsels keeping Nashar's plea agreement sealed. If these interests ever applied in this case, they were negated when Nashar publicly testified against Hammoud more than eight years ago. There is no longer a compelling interest in maintaining the secrecy of Nashar's cooperation with the government, as his cooperation became evident when he testified against Hammoud. Indeed, Nashar is now serving a federal sentence for unrelated offenses arising from his firebombing a competitor's business.

Unsealing Nashar's plea agreement would not pose an increased risk to Nashar's safety. And there is no ongoing investigation that would be prejudiced by unsealing the documents in this case. Moreover, even courts that have considered these interests in the context of a contemporaneous investigation have held that they could not overcome the right of access to plea agreements and related documents. *See id.* Moreover, these materials are *Brady* materials as to Hammoud. There is no compelling interest that overcomes the First Amendment right of access and the *Brady* rights to the plea agreement and related documents. Therefore, they should be unsealed.

5

If the Court decides not to unseal the plea agreement and related documents, Hammoud seeks in the alternative to be given access to the documents for use under seal in connection with his sentencing. As is demonstrated above, the documents are highly relevant and constitute *Brady* materials, as to Hammoud's upcoming sentencing, that are required to be disclosed to him pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); 18 U.S.C. § 3500; and Rule 16 of the Federal Rules of Criminal Procedure. Therefore, at the very least, Hammoud and his counsel should be permitted to view Nashar's plea agreement and related documents and use them in connection with his sentencing.

## CONCLUSION

For the foregoing reasons, Hammoud respectfully requests that the Court unseal Nashar's plea agreement and related documents, including but not limited to the Stipulation of Facts Relative to Sentencing and the transcript of the plea hearing, in the above-captioned case. In the alternative, Hammoud requests that the documents be made available for viewing by Hammoud and his counsel.

Respectfully submitted this the 27th day of October, 2010.

James P. McLoughlin, Jr.
North Carolina State Bar No. 13795
Moore & Van Allen PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202-4003
Telephone: (704) 331-1054
Fax: (704) 378-2054
E-Mail: jimmcloughlin@mvalaw.com

Stanley Lewis Cohen
119 Avenue D
New York, New York 10009
Telephone: (212) 995-2690
ATTORNEYS FOR MOHAMAD YOUSSEF HAMMOUD

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was served on the following parties, by United States first class mail, postage prepaid, and addressed as follows:

David M. Rosen
Office of U.S. Attorney
Eastern District of Missouri
111 S. Tenth Street, 20th Floor
St. Louis, MO 63102

David Alan Brown, Sr.
U.S. Attorney's Office
Western District of North Carolina
Carillon Building, Suite 1700
227 West Trade Street
Charlotte, NC 28202-1675

Craig D. Randall
U.S. Attorney's Office
Western District of North Carolina
Carillon Building, Suite 1700
227 West Trade Street
Charlotte, NC 28202-1675

This 27th day of October, 2010.

James P. McLoughlin, Jr.

CHAR2\1279551